Judge Graham
delivered the opinion of the Court.
This is an action of ejectment. On the trial, the plaintiff introduced and read to the jury, 1st, a judgment recovered by him against the defendant for the sum of $85 72; 2d, an execution which issued on said *90 judgment, and which was returned “levied and replevied;” 3d, a replevin bond executed by defendant, with. security, to pay the amount of the execution; 4th, an execution which issued on the replevin bond, and which, by the direction of the defendant, endorsed on the excution, was levied on the tract of land in controversy, and which land, as appears by the Sheriff’s return on the execution, was sold by him, and purchased by the plaintiff; 5th, a deed from the Sheriff for the land thus levied on, sold, and purchased.
tóriMenaUcu"'
The- production and iePexecution dent° to'uphold a sale oHand^by purchaser, to noSbouncUo go behind the judgment on the replevy bond.
*90 On the defendant’s motion, the Court excluded from the jmT the Sheriff’s return on the execution and the deed from the Sheriff to the plaintiff; and after this exclusion, then instructed the jury to find a verdict for defendant; and the jury having so found, a judgment was rendered for defendant. The Court having overruled the plaintiff’s motion for a new trial, he has brought the case to this Court by appeal.
The decisions of the Circuit Court are attempted to be sustained upon the grounds that there is no valid' judgment to sustain the deed, and the sale by the Sheriff was not made according to law.
It is admitted, by the appellee’s counsel, that in this case it was not necessary to produce the entire récord, but only so much thereof, as to show there was a valid judgment: (7 Monroe, 386.) The judgment copied into this record, does not show that process had been served on the defendant, or an appearance entered for him, but merely states “that the defendant being solemnly called, came not, therefore,” &c.
But the case does not rest exclusively on the validity of the judgment, and it is not necessary to determine that question.
It seems to us that the replevin bond upholds the sale. The statute provides, that after a replevin bond shall fall due, the proper officer shall at the request of the plaintiff, or his attorney, “issue execution thereon, as on a judgment, and such bond shall have the force of a judgment, and be taken and treated as such:” (1 Stat. Laws of Kentucky, 643.) If this bond has the force of *91 a judgment, then as the defendant voluntarily entered Into it, he cannot, in this action, require the plaintiff to go behind the bond, and produce a valid judgment to sustain the bond. A sale, by virtue of an execution on the bond, is as valid as if it had issued on a valid judgment. If the replevin bond was defective, or was taken by the Sheriff without lawful authority, or if it was based upon an execution improperly issued on an invalid judgment, his remedy was to have it quashed, on motion, or, by other proceedings, annulled. He cannot be permitted to assail it in the action of ejectment against him.
The failure of a Sheriff in selling land where the amount of the execution, is bid and no more, to offer less than, the whole tract, is ail irregularity, in the Sheriff which will not affect the right of the purchaser who has no agency in such act.
The next objection taken to the Sheriff’s sale is, that it was not made according to law. To sustain this position, we are referred to Patterson vs Carneal, (3 A. K. Marshall, 619.) In that case a tract of 4,000 acres was sold for $370 to satisfy a debt of only $74. The Sheriff having sold so much more land than was necessary to pay the debt, the sale was held to have been unauthorized by law, and therefore void. In this case, however, the land was sold for barely enough to pay the amount of the execution, and no one would bid more. It is true the evidence conduces to prove that after the amount of the execution was bid for the land, the officer did not enquire whether any one would pay the debt for a quantity of land less than the whole tract. This omission was but a mere irregularity of the officer, not caused by any act or agency of the purchaser, and should not affect his title. This doctrine is held in the case cited, Patterson and Carneal.
We do not pei’ceive any sufficient reason for excluding the evidence from the jury. If the evidence had not been excluded, it is clear that the instructions, as in case of non-suit, could not, and we suppose would not, have been given. In excluding the evidence, and instructions given to the jury, we think the Court erred, and ought to have granted the plaintiff a new trial.
The judgment of the Circuit Court is therefore reversed, and the cause is remanded with directions to *92 set aside the verdict and judgment, and award the plaintiff a new trial without payment of costs.
B. A. Monroe for appellant; J. 4" W. L. Harlan for appellee.